**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICROVENTION, INC. (d/b/a Terumo Neuro), a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GCP CLINICAL TRIAL CONSULTANTS, INC., a Texas corporation; JEFFREY A. FAATZ, an individual; and DOES 1-50,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 25-853-JLH |

**MEMORANDUM ORDER**

Pending before the Court is "Defendants GCP Clinical Trial Consultants, Inc. and Jeffrey Faatz's Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6), 12(b)(7), and 28 U.S.C. § 1406(a) or, in the Alternative, to Stay Under the Declaratory Judgment Act or to Transfer Under 28 U.S.C. § 1406(a)." (D.I. 37.) I will GRANT-IN-PART and DENY-IN-PART the motion.

1. On June 6, 2025, Plaintiff Microvention, Inc. filed a complaint in the Delaware Court of Chancery seeking a declaratory judgment that Defendant Jeffrey Faatz ("Faatz") "was not and has never been an employee of" Plaintiff. (D.I. 3, Ex. A at 14.) On June 10, 2025, Plaintiff amended the complaint to include a claim for breach of a 2022 Master Services Agreement ("MSA") between Plaintiff and Defendant GCP Clinical Trial Consultants, Inc. ("GCP"). (D.I. 3, Ex. B.) Defendants removed the action to this Court on July 9, 2025 (D.I. 2) and moved to dismiss the first amended complaint on August 6, 2025 (D.I. 15). That same day, Faatz filed an action in the U.S. District Court for the Central District of California alleging that Plaintiff misclassified him as an independent contractor (as opposed to an employee) and asserting multiple violations of

the California Labor Code. (D.I. 42, Ex. A.)[1] On September 22, 2025, Plaintiff filed a Second Amended Complaint ("SAC") in this Court, adding claims for trade secret misappropriation under federal and state law and a request for a declaratory judgment that, under the MSA, Defendant must indemnify Plaintiff against the claims asserted by Faatz in the California suit. (D.I. 32.) Defendants now move to dismiss on multiple bases.

2. First, Defendant Faatz argues that the Court lacks personal jurisdiction over him.[2] I agree. Now that Faatz has raised a jurisdictional defense, it is Plaintiff's burden to prove "by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*,

[1] On November 6, 2025, U.S. Magistrate Judge Autumn D. Spaeth stayed the California action pending my ruling on Defendants' motion to dismiss here. (D.I. 42, Ex. A at 5.)

[2] A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). But if the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

To exercise personal jurisdiction over a defendant, a court generally must answer two questions: one statutory and one constitutional. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998); *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 580 (D. Del. 2015), *aff'd*, 817 F.3d 755 (Fed. Cir. 2016). The statutory inquiry requires the court to determine whether jurisdiction over the defendant is appropriate under the long-arm statute of the state in which the court is located. *IMO Indus.*, 155 F.3d at 259.

The constitutional inquiry asks whether exercising jurisdiction over the defendant comports with the Due Process Clause of the U.S. Constitution. *Id.* Due Process is satisfied where the court finds the existence of "certain minimum contacts" between the defendant and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's "contacts" with the forum state can give rise to "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017); *see also Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).

86 F.3d 1287, 1302 (3d Cir. 1996). Its undisputed that Faatz resides in Texas and has never been to Delaware. (SAC ¶ 21; D.I. 39 ¶ 10.) None of the alleged conduct giving rise to Plaintiff's claims occurred in Delaware. Plaintiff nevertheless asserts that the Court may exercise jurisdiction over Faatz because the MSA—which Faatz signed on behalf of GCP, not in his individual capacity—contains a Delaware forum selection clause. That argument is a non-starter. Faatz is not a party to the agreement, and he lacks minimum contacts with Delaware. Plaintiffs nevertheless argue that Faatz is "closely related" to the MSA such that he should be bound by the forum selection clause. *See Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) ("Delaware courts have set forth a three-part test for determining whether a non-signatory to an agreement should be bound by its forum selection clause: (1) is the forum selection clause valid, (2) is the non-signatory a third-party beneficiary of the agreement or closely related to the agreement, and (3) does the claim at hand arise from the non-signatory's status related to the agreement?"). As I have previously remarked, however, "I have serious questions about the constitutionality of using the 'closely related' test to exercise personal jurisdiction over a non-signatory to a contract with a forum selection clause." *Truinject Corp. v. Nestle Skin Health, S.A.*, No. 19-592-LPS-JLH, 2019 WL 6828984, at *11 (D. Del. Dec. 13, 2019); *see also Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 312 (6th Cir. 2024) ("[A] plaintiff's use of the 'closely related' doctrine to establish personal jurisdiction over a non-signatory defendant in the designated forum implicates a constitutional due process problem by circumventing the minimum-contacts requirement." (citing *Truinject*)). In any event, the "closely related" test is not satisfied here. A non-signatory defendant is considered to be "closely related" to an agreement with a forum selection clause only if one of two inquiries is satisfied: (1) the non-signatory received a "direct benefit" from the agreement; or (2) it was "foreseeable" that the non-signatory would be bound by

the agreement. *Eastman Chem. Co. v. AlphaPet Inc.*, No. 09-971, 2011 WL 6004079, at *9 (D. Del. Nov. 4, 2011); *Neurvana Med., L.L.C. v. Balt USA, L.L.C.*, No. 2019-0034, 2019 WL 4464268, at *4 (Del. Ch. Sep. 18, 2019); *see also BAM Int'l, LLC v. MSBA Grp. Inc.*, No. 2021-0181, 2021 WL 5905878, at *13–14 (Del. Ch. Dec. 14, 2021). Neither of those inquiries is satisfied here. The Court lacks personal jurisdiction over Faatz.[3]

3. Defendants next argue that the Court should dismiss Plaintiffs' claim for a declaratory judgment regarding Faatz's employment classification because Faatz is a necessary party under Rule 19(a).[4] I disagree. If there is a live dispute between Plaintiff and CGP about whether CGP is obligated under the MSA to indemnify Plaintiff in the California action because Faatz was not Plaintiff's employee, Faatz need not be in this case to resolve it. In other words, Faatz's presence is not necessary for the Court to adjudicate the meaning of a contract term in a contract he's not party to. The parties quibble about whether a declaration in this case would bind Faatz in the California case, but that's an issue for that court. I also reject Defendants' request that the Court exercise its discretion to dismiss or stay the declaratory judgment claim in favor of the California suit. This suit was filed first, and none of the exceptions to the first-filed rule apply.[5]

---

[3] The Court declines Plaintiff's request for jurisdictional discovery, as Plaintiff has not explained how jurisdictional discovery "concerning GCP's structure, the connections between Faatz and GCP, and the dealings between MicroVention, Faatz, and GCP after execution of the MSA" (D.I. 41 at 13) could possibly demonstrate that Faatz had minimum contacts with Delaware, that he received a "direct" (as opposed to an indirect) benefit from the MSA, or that it was foreseeable that Faatz would be bound by the forum selection clause in the MSA (to which he is not a party).

[4] A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19.

[5] Indeed, the California court has stayed its case pursuant to the first-to-file rule. (D.I. 42, Ex. A.)

4. Defendants next argue that the trade secret misappropriation claims should be dismissed for failure to state a claim[6] because, according to Defendants, Faatz in fact took the secret information to blow the whistle on Plaintiff, which is conduct immune from liability under the trade secret laws. *See* 18 U.S.C. § 1833(b). But the question at this stage of the proceedings is whether the SAC plausibly alleges misappropriation by CGP. It does. For example, the SAC alleges that Defendants transferred thousands of confidential emails and attachments containing trade secrets to personal accounts and devices and improperly retained that information. (*See, e.g.*, D.I. 32 ¶¶ 5, 55–70, 81–92.) *See* 18 U.S.C. § 1839(5) ("misappropriation" includes "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means"); 6 Del. C. § 2001(2) (same); *see also Unum Grp. v. Loftus*, 220 F. Supp. 3d 143, 147 (D. Mass. 2016) (denying motion to dismiss trade secrets claim where complaint plausibly alleged trade secret misappropriation and "the record lack[ed] facts to support or reject" affirmative defense of whistleblower immunity).

5. Next, Defendants argue that the Court should dismiss the breach of contract claim for failure to state a claim. Defendants submitted a declaration in support of their request to dismiss

---

[6] "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A possibility of relief is not enough. *Id.* In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679.

The Court rejects Defendants' nonsensical suggestion that the Court can look at evidence outside the pleadings on a motion to dismiss if the evidence would be admissible at trial under Federal Rule of Evidence 106. (D.I. 38 at 17–18 n.3.)

In addition, contrary to Defendants' argument, neither the DTSA nor the Delaware Uniform Trade Secrets Act requires "using or transmitting the information to third parties." (*Id.* at 16.)

the contract claim (D.I. 31 at 21–22), but the Court can't consider that evidence on a motion to dismiss. The SAC more than plausibly states a claim for breach of the MSA, including by alleging that GCP submitted false invoices and that the parties engaged in mediation of their disputes as required by the MSA.

6. Defendants similarly argue (in two sentences) that the indemnification claim should be dismissed because the SAC does not specifically allege that Plaintiff mediated the issue of indemnification, as required by the MSA. (D.I. 38 at 23.) But the SAC alleges that Plaintiff requested and participated in mediation to resolve the disputes related to the MSA. (SAC ¶¶ 9, 104, 129, 158, 196.) Defendants' insistence that Plaintiff didn't actually mediate the issue of indemnification, and Plaintiff's insistence that it did, reflects a factual dispute not suitable for resolution at the motion to dismiss stage.

7. Finally, I reject Defendants' argument that the case should be transferred under 28 U.S.C. § 1406 because venue is improper. Defendant GCP consented in the MSA to venue in Delaware.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss the Second Amended Complaint, or, in the Alternative, to Stay or Transfer (D.I. 37) is GRANTED-IN-PART and DENIED-IN-PART. The claims against Defendant Jeffrey A. Faatz are dismissed for lack of personal jurisdiction. The motion is otherwise denied.

Dated: September 30, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE